**UNITED STATES v. K. & F. PACKING & FOOD CORP.**

Civ. A. No. 4900.

United States District Court
W. D. New York.

Nov. 30, 1951.

George L. Grobe, U. S. Atty., and John A. Lynch, Sp. Asst. U. S. Atty., Buffalo, N. Y., for plaintiff.

William B. Mahoney and Hyman Karnofsky, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

This is a motion by the plaintiff for a preliminary injunction restraining the defendant from slaughtering any livestock until it shall have received a registration number from the Office of Price Stabilization and from selling or delivering any meat obtained from the slaughter of livestock until it shall have received from such Office of Price Stabilization a registration number and all such meat shall have been obtained from slaughtering in accordance with law—all until a final determination herein, or until the further order of this court.

The defendant is or has been engaged as a Class 1 slaughterer in slaughtering livestock at Corfu, Genesee County, New York. The main question is whether defendant is required to obtain a registration from the Office of Price Stabilization pursuant to Sections 2(a) and (b) of Distribution Regulation 1.

Distribution Regulation 1, as amended, provides in Section 3(b) as follows: "Class 1 Slaughterers."

"On or before March 15, 1951, you must register with the Office of Price Stabilization, Washington, 25, D. C., by filing in duplicate OPS Form DO 1–1 with the information there required. If the information furnished by you on OPS Form DO 1–1 indicates that you are entitled to slaughter livestock under this regulation, the Washington Office will send you prior to April 15, 1951, a copy of OPS Form DO 1–1 showing your registration number. After April 15, 1951, unless you have received your registration from the Washington Office you may not slaughter any livestock."

By the Defense Production Act of 1950, § 101, 50 U.S.C.A.Appendix, § 2071, the President of the United States was authorized "to allocate materials and facilities in such manner, upon such conditions, and to such extent as he shall deem necessary or appropriate to promote the national defense." The Director of Price Stabilization was duly authorized to adopt Distribution Regulation 1. See Executive Order 10161, 50 U.S.C.A.Appendix, § 2071 note, (15 F.R. 6105); (16 F.R. 1272); E.S.A. Order No. 5, 1951 (16 F.R. 1273).

The defendant admits that it slaughtered and sold livestock after April 15, 1951, and prior to the commencement of this suit, and admits that no registration number has ever been issued to it.

The Defense Production Act of 1950 was amended and extended to June 30, 1952. An amendment, effective August 1, 1951, adds this clause to Section 101: "No restriction, quota, or other limitation shall be placed upon the quantity of livestock which may be slaughtered or handled by any processor." § 101(a).

The Director on August 1, 1951, issued Amendment 7 to Distribution Regulation 1, striking out the quota requirements, in accord with the amendment, effective August 1, 1951, with this preamble: "Section 101 (a) of the Defense Production Act amendments of 1951 prohibits the imposition of quotas on livestock slaughter. The legislative history makes clear, however, that the Office of Price Stabilization may continue its present program of requiring registration as a condition of engaging in slaughtering operations. There will be issued in the near future a revised regulation

eliminating the quota provisions but preserving the registration and other provisions of Distribution Regulation 1. Pending completion of work on the revised regulation, this Amendment 7 to Distribution Regulation 1 cancels the provisions relating to quotas on livestock slaughter. However, all other provisions including those relating to registration, marking and reporting continue to be effective."

The defendant contends that the Office of Price Stabilization improperly interpreted the authority to continue the program of requiring registration. In this contention it clearly is in error.

 The language is clear. The intent is unmistakable. The amendment relates only to the abolition of quotas. The defendant in its brief states that it has registered with the O.P.S. and has complied and is complying with all the registrations. No proof of this has been made, and, even if it had, no registration number has been issued to it so far as the record shows.

If there is any doubt about the effect of the amendment of August 1, 1951, it would be dispelled by the discussion in the House of Representatives regarding it. Senator Sparkman said: "I would like to point out that the present law does provide licensing authority and it was not affected by the action we took on quotas." Senator Maybank said: "That is my understanding." Congressman Brown said that the amendment "does not, however, limit the authority of O.P.S. to continue with its present registration program, is that correct?" Answer by Congressman Wolcott: "That is absolutely correct. We do not disturb the licensing of slaughterers in this bill."

Defendant asserts that Section 101, supra, is void and a nullity. The Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 633, contained the exact language of the clause in present Section 101, and it was held to be constitutional. O'Neal v. United States, 6 Cir., 140 F.2d 908; certiorari denied 322 U.S. 729, 64 S. Ct. 945, 88 L.Ed. 1565.

Defendant states as a defense that it was a federally licensed slaughterer. If so, that is immaterial here. It could not do any slaughtering without such license.

Defendant sets forth at considerable length the hardship which has been placed upon it. Obviously this is no defense.

Defendant denies the right of the Court to issue a temporary injunction and cites numerous cases. The Court disagrees and holds that in the exercise of its equitable jurisdiction a temporary injunction should be allowed pending the trial of any issue. An answer has been filed setting forth the aforesaid claims of the defendant. So far as is seen, a question of law only is raised, and it seems that is answered by the decision on this motion.